# United States District Court
# District of South Carolina

| | |
|---|---|
| Tyree Alphonso Roberts, *(aka* Abdiyyah ben Alkebulanyahh), #SK6012;<br><br>  Plaintiff;<br><br>vs.<br><br>Mark Sanford; Jon E. Ozmint; Stan Burtt; Fred B. Thompson; and Charles Whitten;<br><br>  Defendants. | C/A No. 6:05-2324-MBS-WMC<br><br>**Report and Recommendation**<br><br>**for Partial Dismissal** |

The Plaintiff, Tyree Roberts (*aka,* Abdiyyah ben Alkebulanyahh), has brought this *pro se* action against the Defendants under Title 42 United States Code Section 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions for relief and submit findings and recommendations to the District Court.

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett*

1

*v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Plaintiff complains about various conditions at Lieber Correctional Institution (LCI), where he is incarcerated. In particular, he alleges that grooming policies – either specific to LCI or generally applicable throughout the South Carolina Department of Corrections (SCDC) – violate constitutionally protected freedom of worship and impose cruel and unusual punishment upon him.

## NO CAUSE OF ACTION AGAINST DEFENDANT MARK SANFORD

The Plaintiff seeks to recover monetary damages from the Honorable Mark Sanford, Governor of South Carolina, alleging:

> Mr. Mark Sanford is the responsible-in-chief over all death-row inmates. Plaintiff informed Mr. Sanford of prison official unconstitutional and unlawful conduct. Mr. Sanford responded, he forward my complaint to "the proper officials" which in term his action were fruitless. Wherefore prison official continueous [sic] conduct unlawful and constitutional [sic] acts.

The Plaintiff does not allege that Governor Sanford participated in formulation of the grooming policies to which he objects nor does this brief passage allege any personal involvement in the other prison conditions of which the Plaintiff complains. He fails to state a cause of action against Governor Sanford.

More importantly, the Plaintiff simply cannot sue Governor Sanford in his capacity as Chief Executive of the State. Quite to the contrary, the State of South Carolina is immune from suit under the Eleventh Amendment to the United States Constitution. Most often the issue of Eleventh Amendment immunity arises when a Congressional

statute attempts to broaden federal court's jurisdiction over the states. Cases which reaffirm this immunity are almost too numerous to cite, but a sample would include: *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *College Savings Bank v. Florida Prepaid Education Expense Board*, 527 U.S. 666 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991); *Alabama v. Pugh*, 438 U.S. 781 (1978); and ultimately, *Hans v. Louisiana*, 134 U.S. 1 (1890). It is therefore recommended that Governor Sanford not be served with the Complaint but rather that he be dismissed as a party defendant from this action.

## **CLAIMS AGAINST THE REMAINING DEFENDANTS**

Without suggesting any opinion as to the merits of claims made against the remaining Defendants, the Plaintiff appears to allege that they – individually or collectively – formulated and/or implemented a policy which violated 42 U.S.C. § 1983. Therefore the Order filed with this Report directs that Defendants Jon Ozmint, Stan Burtt, Fred B. Thompson, and Charles Whitten be served with the Complaint.

## **RECOMMENDATION**

Defendant Mark Sanford should not be required to answer this Complaint and should be dismissed from this action. Defendants Ozmint, Burtt, Thompson and Whitten should be served and required to file timely Answer(s). Plaintiff's attention is directed to the Notice on the following page.

s/William M. Catoe
United States Magistrate Judge

September 6, 2005
Greenville, South Carolina

3

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
