IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tyree Alphonso Roberts, a/k/a, Abdiyyah ben Alkebulanyahh, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jon E. Ozmint; Stan Burtt; Fred B. Thompson; and Charles Whitten, )<br>)<br>Defendants. ) | Civil Action No. 6:05-2324-MBS-WMC<br><br>**O R D E R** |

This matter is before the court on the following motions filed by the plaintiff on October 14, 2005:

(1)  motion for appointment of counsel;

(2)  "motion to provide party and plaintiff/pro se litigant with copy(ies) of all pro se/plaintiff filings in this court; copies of past, present and future filings by plaintiff/pro se"; and

(3)  motion to add additional claim of Fourth Amendment violation.

*Motion for Appointment of Counsel*

The defendants filed opposition to this motion on November 1, 2005.

The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se*

litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

Based on the foregoing, the plaintiff's motion for appointment of counsel is denied.

### *Motion to Provide Copies*

The plaintiff has not specified what documents he wants copies of, nor has he shown a particularized need for copies of specific documents. Therefore, the plaintiff's motion is denied.

### *Motion to Amend*

The plaintiff seeks to amend his complaint to add the following allegation (verbatim):

> Plaintiff facial and head hair were seized by force, by correctional officials (defendants) of above-style case.

The plaintiff's motion to amend to add this allegation only is granted.

Now, therefore,

IT IS ORDERED that the plaintiff's motions for appointment of counsel and for copies are denied, and that the plaintiff's motion to amend his complaint is granted.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 3, 2005

Greenville, South Carolina

2