IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tyree Alphonso Roberts, a/k/a Abdiyyah ben Alkebulanyahh, | ) C/A No. 6:05-2324-MBS-WMC ) ) |
| Plaintiff, | ) ) |
| v. | ) **OPINION AND** ) **ORDER** ) |
| Jon E. Ozmint, Stan Burtt, Fred B. Thompson, and Charles Whitten, | ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Tyree Alphonso Roberts a/k/a Abdiyyah ben Alkebulanyahh is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff has been sentenced to death for murdering two Beaufort County Sheriff's deputies. Plaintiff brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of various SCDC policies and procedures as well as the conditions of his confinement. Plaintiff filed a motion for summary judgment on January 17, 2006. Defendants Jon E. Ozmint, Stan Burtt, Fred B. Thompson, and Charles Whitten filed a motion for summary judgment on January 20, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate William M. Catoe for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on May 23, 2006, and recommended that Plaintiff's motion for summary judgment be denied and

1

Defendants' motion for judgment be granted. Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections") on June 9, 2006.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In this case, the court concurs in the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted.

DISCUSSION

Plaintiff makes numerous objections to the Magistrate Judge's recitation of the facts in the Report and Recommendation. For example, Plaintiff asserts that he is a "Hebrew Israelite whom religion is Yahwism." Plaintiff also stresses that he "is seeking redress for the unlawful physical attacks and conspiracy to murder and physical torture by defendants and their subordinates, against or upon Plaintiff." Plaintiff's factual clarifications are noted for the record.

Plaintiff claims that the Magistrate Judge erred in concluding that the SCDC grooming policy has already been litigated and upheld in <u>Hines v. South Carolina Dept. of Corrections</u>, 148 F.3d 353 (4th Cir. 1998). Unlike the situation in <u>Hines</u>, Plaintiff asserts that SCDC now uses force to require all inmates to comply with the grooming policy. In relevant part, SCDC's grooming policy provides that "[a]ll male inmates' hair must be neatly cut (not to exceed one inch in length) and must remain above the shirt collar and above the ear (not touching the ear)," and "no inmate will be permitted to wear a beard." The policy also provides that "[i]nmates may be given forced haircuts or shaves if they refuse to comply with the haircut and shave policy." SCDC Policy OP-22.13-16. Plaintiff contends that forced haircuts violate his First Amendment free exercise rights and contravene the Fourth Circuit's holding in <u>Hines</u>. See U.S. CONST. AMEND I. The court disagrees.

The Fourth Circuit has held that the SCDC grooming policy "was [not] enacted to burden anyone's free exercise rights" <u>Hines</u>, 148 F.3d at 358. The Fourth Circuit further noted that "although the Grooming Policy may have an incidental effect of preventing the Inmates from wearing their hair and beards as their religion prescribes, under <u>Smith</u>, the Grooming Policy is a neutral and generally applicable regulation and, therefore, does not violate the Free Exercise Clause." <u>Id.</u> (relying on <u>Employment Division, Dep't. of Human Resources v. Smith</u>, 494 U.S. 872 (1990)). SCDC's use of force to secure compliance with an otherwise valid prison policy does not impact the Fourth Circuit's analysis as it relates to the First Amendment. The court concludes that <u>Hines</u> remains the governing authority on this matter. Plaintiff's objection is without merit.

Plaintiff next contends that the Magistrate Judge erred in concluding that SCDC's policies do not constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. See U.S. CONST. AMEND VIII. In summary, Plaintiff contends that he is forced to eat

3

cold food, that women correctional officers observe him while he is naked and while using the toilet, that his cell is full of "mice, frogs, and snakes," that the temperature in his cell is too cold, that the water in the shower is too hot, that he is forced to breathe second-hand smoke, that correctional officers use excessive force when extracting him from his cell for haircuts, and that he has been placed in a control or "strip cell" away from other inmates.  To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove that the deprivation of a basic human need was sufficiently serious and that prison officials acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The court has carefully reviewed all of Plaintiff's allegations and concludes that Plaintiff's myriad objections are without merit.

The court has accepted all of Plaintiff's factual allegations as true.  Nevertheless, after thoroughly reviewing the Report and Recommendation in its entirety and the evidence in this case and after examining the applicable case law, the court finds no error in the Report and Recommendation.  As such, Plaintiff's motion for summary judgment is **denied**.  Defendants' motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina
August 7, 2006

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**